UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NOE RAMIREZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:18-cv-00297-JRS-DLP |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Petitioner Noe Ramirez, an inmate of the Federal Bureau of Prisons ("BOP"), at the United States Penitentiary in Terre Haute, Indiana, seeks a writ of habeas corpus challenging his federal conviction and sentence. As explained below, Ramirez has not shown his entitlement to habeas corpus relief, and his petition is denied.

**I. Factual and Procedural Background**

On August 27, 2014, Ramirez was indicted in the United States District Court for the Western District of Texas with smuggling military grade sub-munitions from the United States in violation of 18 U.S.C. § 554(a) (Count 1) and aiding and abetting smuggling military grade sub-munitions from the United States (Count 2). *United States v. Ramirez*, 2:14-cr-1219-AM-2, Dkt. 16.

On November 6, 2014, Ramirez pleaded guilty to Count 2 of the Indictment. *Id.* dkt. 34. On August 19, 2015, he was sentenced to a term of 97 months' imprisonment. *Id.* dkt 57.

Ramirez did not appeal or challenge his conviction or sentence pursuant to 28 U.S.C. § 2255. Ramirez then filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## II. Section 2241 Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313. Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because

invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

### III. Discussion

Ramirez filed his initial § 2241 petition on June 6, 2018. Dkt. 1. He then filed an amended petition on June 3, 2019. Dkt. 21. In his amended petition he argues that his counsel was ineffective in advising him to plead guilty when the government could not prove the elements of the charges against him and in failing to seek to quash the indictment. In response, the United States argues that Ramirez's claims are not cognizable in a § 2241 petition.

First, the United States argues that to the extent that Ramirez argues that he is innocent of the charges, such a claim is not cognizable in a § 2241 petition. Ramirez asserts that the devices at issue were not "destructive devices," "military grade munitions," or "weapons of war." Dkt. 21 p. 5. But any challenge based on the evidence must have been brought on direct appeal or in a § 2255 motion. This is the case even if Ramirez has newly-discovered evidence because § 2255 allows for claims of newly-discovered evidence, providing a one-year statute of limitations from the date "on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In other words, § 2255 contemplates claims of new evidence raising a question of guilt and provides a mechanism to present those claims.

Ramirez appears to argue that he could not seek timely relief under § 2255 because his counsel failed to file an appeal or request post-conviction relief and because his legal papers were lost. But the proper way to present any argument about the statute of limitations is by filing a § 2255 motion and seeking equitable tolling of the statute of limitations. *See Boulb v. United States,* 818 F.3d 334, 339 (7th Cir. 2016) (*citing Holland v. Florida,* 560 U.S. 631, 645 (2010)). The fact that Ramirez did not file a timely § 2255 motion does not make § 2255 inadequate. *Montenegro v. United States,* 248 F.3d 585 (7th Cir. 2001) (Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'"), *overruled on other grounds, Ashley v. United States,* 266 F.3d 671 (7th Cir. 2001).

Next, Ramirez's claims are based in part on his contention that his counsel was ineffective. But a claim of ineffective assistance of counsel is not a type of claim that is appropriate for a § 2241 petition. Such a claim does not satisfy the first *Davenport* factor because it does not rely on a new rule of statutory law, but instead is based on the Sixth Amendment to the Constitution. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In reply in support of his petition, Ramirez argues that he is challenging the trial court's subject matter jurisdiction. But, even if his claims can be considered to be challenges to the subject matter jurisdiction, such a claim cannot be presented in a § 2241 petition because it does not satisfy the first or second *Davenport* requirement. Ramirez argues that the trial court did not have jurisdiction over him because the charges did not have evidentiary support. But, as the Court has already explained, Ramirez's challenges to the indictment and the evidence against him do not rely on a case of statutory interpretation that was previously unavailable to him. Rather, his arguments challenge the facts of his alleged offense and whether those facts constitute the charged offense.

4

He could have presented such claims on direct appeal or in a § 2255 motion. Ramirez has failed to show § 2255 was inadequate or ineffective to bring these claims.

### IV. Conclusion

For the foregoing reasons, the petition for relief pursuant to 28 U.S.C. § 2241 filed by Noe Ramirez is **denied**. Ramirez's motion for a ruling and relief request, dkt. [33], is **granted** only to the extent that the Court has ruled on his petition. It is in all other respects **denied**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/29/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NOE RAMIREZ
61831-179
TERRE HAUTE – USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel